UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CAUSE NO.: 2:18-CR-138-TLS-APR |
| JERRY L. JAMES | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Jerry L. James' Letter requesting compassionate release [ECF No. 68], filed on June 6, 2022. For the reasons set forth below, the Court DENIES the Defendant's request for compassionate release.

**BACKGROUND**

On August 6, 2020, the Defendant pleaded guilty to Count 1 of his Indictment for production of child pornography, in violation of 18 U.S.C. § 2251(a), (e). *See* ECF Nos. 15, 43. The underlying conduct involved the Defendant paying to have minors, some of whom were under the age of 12, engage in sexual acts, which he watched and recorded via a live video webcam. Under a plea agreement, the Government and the Defendant agreed to a 240-month sentence of imprisonment and a 15-year term of supervised release. Plea Agreement ¶ 7(e)(A), ECF No. 39. On January 25, 2021, the Court accepted the plea agreement and sentenced the Defendant to 240 months' imprisonment, which reflected a downward variance from a 360-month Guideline range. *See* ECF Nos. 63, 66. The Court also imposed 15 years of supervised release and ordered the Defendant to pay $20,000 in restitution. *Id.*

On June 6, 2022, the Defendant filed a Letter [ECF No. 68] requesting compassionate release for various health issues. The Court referred the Defendant's motion to the Federal Community Defenders, ECF No. 69, who declined to represent the Defendant, ECF No. 70. The

Court then ordered the Government to file a response to the motion, ECF No. 73, which it did on June 14, 2022, ECF No. 75. The Defendant did not file a reply, and the time to do so has passed.

## ANALYSIS

Although the Defendant does not specify in his motion, the Court understands his letter as asking the Court to modify his sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). In assessing a compassionate release motion, the Court engages in "a two-step inquiry: one, did the prisoner present an extraordinary and compelling reason for release, and two, is release appropriate under § 3553(a)." *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021) (citing *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021)). The burden is on the Defendant to establish that his circumstances are extraordinary and compelling. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

The Seventh Circuit has explained that "[b]ecause of the importance of the § 3553(a) factors, courts are not compelled to release every prisoner with extraordinary and compelling health concerns." *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (citing *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020)). When assessing the well-known § 3553(a) factors, a court considers:

> the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant; and the kinds of sentences and sentencing range for the applicable category of offense committed.

*United States v. Pena*, No. 2:15-CR-72, 2020 WL 3264113, at *2 (N.D. Ind. June 17, 2020) (citing 18 U.S.C. § 3553(a)). However, under § 3582(c)(1)(A), a court is only required to consider the factors "to the extent that they are applicable," and "[o]ne good reason" under the factors can be enough to deny a motion. *Ugbah*, 4 F.4th at 598.

In his letter, the Defendant identifies various health issues that he argues justify his compassionate release and states that the underlying circumstances of his conviction make him an appropriate candidate for release. However, the Court concludes that an extraordinary and compelling reason warranting the Defendant's release does not exist and, even if it did, the Defendant's release is not consistent with the § 3553(a) factors.

**A.     The Defendant's Health Concerns**

The Defendant points to his various health issues as the basis for his request, which includes high blood pressure, high cholesterol, a nodule on his left lung, joint replacements on his shoulders and left knee that cause pain and difficulty walking, degenerative disc disease of his spine, a cervical disc surgery to replace five discs, an enlarged lower back disc, and asbestos in his lungs.[1] Def. Letter 1, ECF No. 68. Although the Defendant claims he is suffering from these conditions, he provides no evidence demonstrating the severity of his health issues or the risks he is exposed to. *See Newton*, 996 F.3d at 490–91 (explaining that defendants need to "submit individualized evidence rather than make generalized arguments about risk"); *United States v. Scott*, 850 F. App'x 449, 451 (7th Cir. 2021). Apart from complaints of pain and difficulty walking, the Defendant fails to describe how these health conditions affect his life in prison or how he has a diminished ability to provide self-care.[2]  Furthermore, the records

---

[1] The Defendant also attached his Request for Administrative Remedy that he submitted to the Bureau of Prisons (BOP) as well as the BOP's denial of his request. *See* Def. Ex. 1, ECF No. 68-1. That exhibit references the Defendant listing COVID-19 as a health factor favoring his release. *Id.* However, the Defendant does not list COVID-19 as a health issue in his letter to the Court. Regardless, "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). And here, the Defendant has not argued that he is "unable to receive or benefit from a vaccine, or that [he] remain[s] vulnerable to severe infection, notwithstanding the vaccine." *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022).

[2] The Court's reference to the Defendant's ability to provide self-care comes from the Sentencing Commission's policy statement in the U.S. Sentencing Guidelines Manual § 1B1.13. As the Seventh Circuit held in *United States v. Gunn*, this policy statement is not binding on the Court. 980 F.3d 1178,

provided by the Government show that the Defendant is receiving regular medical treatment for his health issues. *See* Gov. Ex. 1, ECF No. 77; *United States v. Dominguez*, 854 F. App'x 78, 79 (7th Cir. 2021) (noting that the records show that health professionals were regularly monitoring and treating the defendant's health conditions). The Defendant offers no evidence to suggest that this treatment has been inadequate.

      Given the lack of evidence supporting his request, the Court is unable to assess how these conditions affect the Defendant, nor can it conclude that they are so severe as to warrant release. The Court is left to decide whether simply having these health conditions amounts to an extraordinary and compelling reason for release. But when other courts have considered health concerns similar to the Defendant's, they have routinely denied compassionate release requests. *See, e.g.*, *United States v. Gutierrez*, No. 2:18-CR-96, 2021 WL 248878, at *2–3 (N.D. Ind. Jan. 26, 2021) (denying release for an individual who allegedly suffered from diabetes, high cholesterol, and high blood pressure); *United States v. Levine*, No. 2:91-CR-3, 2020 WL 2537786, at *2 (N.D. Ind. May 19, 2020) (denying compassionate release for an individual who allegedly suffered from advanced heart disease, Non-Hodgkin's B-Cell Lymphoma, rheumatoid arthritis, and lung disease); *United States v. Bunnell*, No. CR14-119-1, 2019 WL 6114599, at *2 (D. Ariz. Nov. 18, 2019) (denying release for an individual confined to a wheelchair and who suffers from arthritis, sciatica, bulging lumbar discs, scoliosis, and central stenosis of the spine). The Defendant fails to provide a reason why the Court should resolve his motion differently. Thus, the Court concludes that his health issues do not amount to extraordinary and compelling circumstances warranting a reduction in his sentence.

---

1180 (7th Cir. 2020). It does, however, serve as guidance for assessing whether health conditions amount to extraordinary and compelling circumstances. *Id.*; *see Kurzynowski*, 17 F.4th at 760.

B.   **Section 3553(a) Factors**

Even if the Defendant's health issues were sufficient to justify his release, he can only be released if it is consistent with the § 3553(a) factors. But that is not the case for the Defendant. Both the nature and circumstances of his offense (factor 1), as well as the need to reflect the seriousness of his offense and to provide just punishment, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the Defendant (factor 2), *see* 18 U.S.C. § 3553(a)(1)–(2), demand that the Court deny his motion.

The Defendant argues that this was his first and only offense and that it was "an internet case," which did not involve person-to-person contact. Def. Letter 1. This description fails to capture the full scope of his conduct. The Defendant was involved with producing videos that included victims under the age of 12 engaging in sexual conduct, some of which was sadistic, masochistic, or otherwise violent. While this may have occurred over the internet, the Defendant was still the one requesting and paying for specific acts to be done. This was serious conduct deserving of a serious punishment. Moreover, the Defendant has served less than a quarter of his sentence, which was already below the Guidelines range. *See* ECF No. 66; *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (providing a release date of June 28, 2035, for the Defendant) (last visited July 18, 2022). Especially considering the disturbing nature of his crime, the Court does not think releasing the Defendant at this point in his sentence would adequately protect the public.

The Defendant also notes that his wife of 40 years has been supporting him while he has been in prison. *See* Def. Letter 1. While it is good to hear that the Defendant maintains contact with his wife and that she continues to support him, that does not provide a sufficient reason for reducing his sentence. *See United States v. Billings*, No. 2:12-CR-4, 2020 WL 6502384, at *3 (N.D. Ind. Nov. 5, 2020) (explaining that family support is not generally a factor justifying

compassionate release). Accordingly, granting compassionate to the Defendant would not be consistent with the § 3553(a) factors.

C.     **Other Monitoring**

As a final note, the Defendant's letter suggests that he "could serve [his] time under monitoring just as well []as being in prison." Def. Letter 1. Although the Defendant is not specific about what he is requesting, the Court understands this as arguably requesting additional supervised release in lieu of imprisonment or transfer to home confinement. Either way, the request is not well taken. For starters, the Court lacks the authority to change the Defendant's place of imprisonment, including moving the Defendant to home confinement. *See Saunders*, 986 F.3d at 1078; *United States v. Millbrook*, 840 F. App'x 25, 27 (7th Cir. 2021); *United States v. Williams*, 829 F. App'x 138, 139 (7th Cir. 2020). And while 18 U.S.C. § 3582(c)(1)(A) allows the Court to impose supervised release up to the unserved portion of the original term of imprisonment, "that authority is contingent upon the granting of a sentence reduction." *United States v. Lohmeier*, No. 12 CR 1005, 2021 WL 365773, at *4 (N.D. Ill. Feb. 3, 2021); *see United States v. Miller*, No. 2:12-CR-10, 2021 WL 1145810, at *1 n.1 (N.D. Ind. Mar. 25, 2021). As already explained, there are not extraordinary and compelling reasons for a reduction nor do the § 3553(a) factors support the Defendant's release.

## CONCLUSION

For the foregoing reasons, the Court DENIES the relief requested in the Defendant's Letter [ECF No. 68]. The request is denied without prejudice and with leave to refile should there be a change in circumstances involving the Defendant.

SO ORDERED on July 19, 2022.

                                        s/ Theresa L. Springmann  
                                        JUDGE THERESA L. SPRINGMANN  
                                        UNITED STATES DISTRICT COURT