UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:18-CR-138-TLS-APR |
| JERRY L. JAMES | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Jerry L. James' Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 82], filed on April 7, 2025. Defendant James seeks compassionate release due to chronic obstructive pulmonary disease (COPD) and severe leg pain. For the reasons set forth below, the Court denies the Defendant's request.

**BACKGROUND**

On August 6, 2020, the Defendant pled guilty to Count 1 of his Indictment for production of child pornography, in violation of 18 U.S.C. § 2251(a), (e). *See* ECF Nos. 15, 43. The underlying conduct involved the Defendant paying to have minors, some of whom were under the age of 12, engage in sexual acts, which he watched and recorded via a live video webcam. Under a plea agreement, the Government and the Defendant agreed to a 240-month sentence of imprisonment and a 15-year term of supervised release. Plea Agreement ¶ 7(e)(A), ECF No. 39. On January 25, 2021, the Court accepted the plea agreement and sentenced the Defendant to 240 months' imprisonment, which reflected a downward variance from a 360-month Guideline range. *See* ECF Nos. 63, 66. The Court also imposed 15 years of supervised release and ordered the Defendant to pay $20,000 in restitution. *Id.*

On June 6, 2022, the Defendant filed a Letter [ECF No. 68] making his first request for compassionate release for various health issues. The Court then ordered the Government to file a

response to the motion, ECF No. 73, which it did on June 14, 2022, ECF No. 75. The Defendant did not file a reply. On July 19, 2022, the Court entered an Opinion and Order denying the Defendant's first request for compassionate release. ECF No. 80.

On April 7, 2025, the Defendant filed a second Motion for Sentence Reduction [ECF No. 82] requesting compassionate release for COPD. The Court then ordered the Government to file a response to the motion, ECF No. 83, which it did on May 2, 2025, ECF No. 84. The Defendant did not file a reply, and the time to do so has passed.

## ANALYSIS

Following the imposition of a sentence, a court may not modify the term of imprisonment absent specific circumstances enumerated in 18 U.S.C. § 3582(c). As an initial matter, the Government raises the affirmative defense that the Defendant failed to exhaust his administrative remedies under 18 U.S.C. § 3582(c)(1)(A) on this second request for compassionate release. *See United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) (recognizing that "in 2018 the First Step Act created a judicial power to grant compassionate release on a prisoner's own request"). "[T]he exhaustion requirement in § 3582(c)(1)(A) is an affirmative defense, not a jurisdictional prerequisite . . . ." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (citing *Gunn*, 980 F.3d at 1181). The exhaustion requirement "is a mandatory claim-process rule and therefore *must* be enforced when properly invoked." *Id.* For an inmate to properly exhaust his remedies, he "is required to present the same or similar ground[s] for compassionate release in a request to the Bureau as in a motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).

In his motion, the Defendant indicates that he submitted a request for compassionate release to the warden on March 29, 2022. Def. Mot. 3, ECF No. 82; Def. Ex. A, ECF No. 82-1, p. 241 of 261. The Defendant also attached the warden's May 10, 2022 response denying that request. Def. Ex. A, p. 238 of 261. However, as argued by the Government, the Defendant's first

2

motion for compassionate release was based on the facts he laid out to the warden on March 29, 2022, which did not include COPD or severe leg pain, and the Court denied that motion. ECF Nos. 68, 80. And, "[e]xhaustion is required each time a defendant seeks compassionate release." *United States v. Farmer*, No. 2:15-CR-72, 2023 WL 4580025, at *1 (N.D. Ind. July 18, 2023) (citation omitted). Here, there is no indication that the Defendant submitted a request for compassionate release based on COPD and severe leg pain to the warden before filing the instant motion. Thus, the Court denies the motion because the Defendant has failed to demonstrate that he exhausted his administrative remedies.

Even if the Defendant had exhausted his administrative remedies, he has not demonstrated any grounds for compassionate release. "A motion for compassionate release involves a two-step inquiry: one, did the prisoner present an extraordinary and compelling reason for release, and two, is release appropriate under § 3553(a)." *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021) (citing *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021)); *see also* 18 U.S.C. § 3582(c)(1)(A). It is the Defendant's burden to establish the extraordinary and compelling reasons warranting a sentence reduction. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). However, the Seventh Circuit has explained that "[b]ecause of the importance of the § 3553(a) factors, courts are not compelled to release every prisoner with extraordinary and compelling health concerns." *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (citing *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020)).

In assessing the § 3553(a) factors, a court considers:

> the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant; and the kinds of sentences and sentencing range for the applicable category of offense committed.

3

*United States v. Pena*, No. 2:15-CR-72, 2020 WL 3264113, at *2 (N.D. Ind. June 17, 2020) (citing 18 U.S.C. § 3553(a)). A court considers the § 3553(a) factors only "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

In his motion, the Defendant identifies the health issues of COPD and severe leg pain that he argues justify his compassionate release. However, the Court concludes that an extraordinary and compelling reason warranting the Defendant's release does not exist and, even if it did, the Defendant's release is not consistent with the § 3553(a) factors.

**A.     Consideration of Extraordinary and Compelling Health Issues**

While the statute does not define "extraordinary and compelling reasons," Congress tasked the United States Sentencing Commission with explaining these terms by promulgating general policy statements on the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Under that authority, the Sentencing Commission issued a Policy Statement on § 3582(c)(1)(A), which provides six circumstances that may provide "extraordinary and compelling reasons" for a reduction in sentence. *See* U.S. Sentencing Guidelines Manual § 1B1.13. These six circumstances are:

- certain medical circumstances of the defendant, *id.* § 1B1.13(b)(1);
- the defendant's age, *id.* § 1B1.13(b)(2);
- the defendant's family circumstances, *id.* § 1B1.13(b)(3);
- the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, *id.* § 1B1.13(b)(4);
- any other circumstances or combination of circumstances similar in gravity to the circumstances listed above, *id.* § 1B1.13(b)(5); and
- the defendant received an unusually long sentence, *id.* § 1B1.13(b)(6).

The Defendant argues for compassionate release based only on § 1B1.13(b)(1) for what he believes are extraordinary and compelling health issues, including COPD and severe leg pain that, according to the Defendant, make it almost impossible for him to walk to the dining hall to eat resulting in significant weight loss. *See* Def. Mot. 6. Although the Defendant complains that

4

he is suffering from these health issues and provides evidence of a COPD diagnosis and of his report that he has pain when walking, he provides no medical record demonstrating weight loss. *See Newton*, 996 F.3d at 490–91 (explaining that defendants need to "submit individualized evidence rather than make generalized arguments about risk"); *United States v. Scott*, 850 F. App'x 449, 451 (7th Cir. 2021). This means that the Defendant complains that his COPD and severe leg pain affect his life in prison and that they have diminished his ability to provide self-care to the point where his health issues prevent him from eating.[1] However, in support, the Defendant only provides his medical record showing that he has been diagnosed with obesity, which contradicts his complaint that the impact of his COPD and severe leg pain is weight loss. *See* Def. Ex. A, ECF No. 82-1, p. 56 of 261. Furthermore, the medical record provided by the Defendant shows that he is receiving regular medical treatment for his health issues including medication, a cane, and a knee brace. *See* Def. Ex. A; *United States v. Dominguez,* 854 F. App'x 78, 79 (7th Cir. 2021) (noting that the records show that health professionals were regularly monitoring and treating the defendant's health conditions). Although the Defendant complains that medication does not provide relief for his COPD, he offers no evidence to suggest that this treatment has been inadequate.

Given the lack of evidence supporting his request, the Court is unable to assess how the COPD and leg pain affect the Defendant, nor can it conclude that they are so severe as to warrant release. The Court is left to decide whether simply having these health conditions amounts to an extraordinary and compelling reason for release. But when other courts have considered health

---

[1] The Court's reference to the Defendant's ability to provide self-care comes from the Sentencing Commission's policy statement in the U.S. Sentencing Guidelines Manual § 1B1.13(b)(1)(B). As the Seventh Circuit held in *Gunn*, this policy statement is not binding on the Court. 980 F.3d at 1180. It does, however, serve as guidance for assessing whether health conditions amount to extraordinary and compelling circumstances. *Id.*; *see Kurzynowski*, 17 F.4th at 760.

concerns similar to the Defendant's, they have routinely denied compassionate release requests. *See, e.g.*, *United States v. Levine*, No. 2:91-CR-3, 2020 WL 2537786, at *2 (N.D. Ind. May 19, 2020) (denying compassionate release for an individual who allegedly suffered from advanced heart disease, Non-Hodgkin's B-Cell Lymphoma, rheumatoid arthritis, and lung disease); *United States v. Bunnell*, No. CR14-119-1, 2019 WL 6114599, at *2 (D. Ariz. Nov. 18, 2019) (denying release for an individual confined to a wheelchair and who suffers from arthritis, sciatica, bulging lumbar discs, scoliosis, and central stenosis of the spine). The Defendant fails to provide a reason why the Court should resolve his motion differently. Thus, the Court concludes that the Defendant fails to carry his burden of showing extraordinary and compelling reasons to justify his release. *See Newton*, 996 F.3d at 488.

**B.    Consideration of the Section 3553(a) Factors**

In the instant case, the § 3553(a) factors also heavily weigh in favor of denying the Defendant's Motion. The underlying conduct that the Defendant pled guilty to included paying to have minors, some of whom were under the age of 12, engage in sexual acts, which he watched and recorded via a live video webcam. Accordingly, the § 3553(a) factors do not warrant a reduced term of imprisonment. *See Levine*, 2020 WL 2537786, at *4 (denying compassionate release to an inmate serving a life sentence for federal murder, highlighting the nature of the offense as weighing against release).

Based on the Defendant's specific circumstances and the above-described factors, the Court finds that a reduced term of imprisonment under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) is not warranted.

**C.    Appoint Counsel**

To the extent that the Defendant requests that the Court appoint counsel, it is well established that there is no constitutional or statutory right to counsel to aid in the pursuit of

compassionate release under 18 U.S.C. § 3582(c). *United States v. Filbey*, No. 2:13-CR-26, 2020 WL 3468181, at *1 (N.D. Ind. June 25, 2020). And, it is undecided in the Seventh Circuit whether the Criminal Justice Act, 18 U.S.C. § 3006A, "permits a court to appoint counsel at public expense . . . for defendants . . . who are seeking a reduction of their sentences under 18 U.S.C. § 3582." *United States v. Bonds*, 121 F.4th 1129, 1131 (7th Cir. 2024) (citing *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013); *United States v. Guerrero*, 946 F.3d 983, 985 (7th Cir. 2020)). Even if it were permitted, here the Defendant has not provided a reason for the Court to appoint counsel. Also, the Court finds that the Defendant has adequately albeit unsuccessfully presented his arguments without the assistance of counsel as discussed above. Accordingly, the Court denies the Plaintiff's request for appointment of counsel.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 82]. The request is denied without prejudice and with leave to refile should there be a change in circumstances involving the Defendant.

SO ORDERED on May 22, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT